## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CII ACQUISITION HOLDING INC.,[1] | ) | Case No. 11-11388 (KG) |
| | ) | |
| Debtor. | ) | Jointly Administered |
| | ) | Under Case No. 11-11387 (KG) |
| | ) | |

## DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES

---

[1]    The Debtor does not maintain a federal tax identification number.  The Debtor's service address is 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY
AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF
ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

## I.    Introduction

On May 3, 2011 (the "Petition Date"), CII Acquisition Holding Inc. ("CII") and Caribe Media, Inc. ("CMI," and, together with CII, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On May 5, 2011, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 36]. Also on May 5, 2011, the United States Trustee for the District of Delaware (the "U.S. Trustee") issued a statement that a committee of unsecured creditors had not been appointed because the Debtors' petitions reflected less than three unsecured creditors, excluding insiders and governmental agencies [Docket No. 40].

On the date hereof, the Debtors, with the assistance of their management and advisors, filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and, together with the Schedules, the "Schedules and Statements") in accordance with section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Mr. Christopher J. Batson, the Debtors' Chief Financial Officer and Treasurer, executed the Schedules and Statements in his capacity as an authorized signatory. In reviewing and executing the Schedules and Statements, Mr. Batson necessarily relied upon the efforts, statements and representations of the Debtors' various personnel and the advice of counsel and other professional advisors. Mr. Batson has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

Although the Debtors have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible based on the information available at the time of preparation:  (a) subsequent discovery of additional information may result in material changes to the Schedules and Statements; and (b) inadvertent errors or omissions may exist. In addition, the Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled against each Debtor's respective financial statements. Further, the Schedules and Statements contain unaudited financial information that is subject to further review and potential adjustment or amendment.

Based on the foregoing, the Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements to the extent that it is necessary and appropriate. Notwithstanding any such disclosure, the Debtors shall not be required to update the Schedules and Statements.

## II.    Global Notes and Overview of Methodology

These *Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Schedules and Statements* (the "Global Notes") pertain to, are incorporated by reference in and comprise an integral part of <u>all</u> of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from the following Global Notes, the Global Notes shall control.[1]

**Accounts Receivable**. The accounts receivable information included in the Schedules and Statements has been listed as of March 31, 2011.

**Amendments and Supplements**. Although the Debtors have made reasonable efforts to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements to the extent that it is necessary and appropriate.

**Asset Presentation**. The values presented for the Debtors' assets are based on the book value of such assets as of March 31, 2011, and not on the basis of the current market values of the Debtors' interest in such assets. In addition, to the extent that a Debtor's Schedules list more assets than liabilities, such representation is not an admission that the Debtor was solvent as of the Petition Date or at any time preceding the Petition Date. Likewise, to the extent that a Debtor's Schedules list more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time preceding the Petition Date. The Debtors reserve their rights to amend or adjust the value of each asset set forth in the Schedules and Statements.

**Causes of Action**. Despite reasonable efforts, the Debtors may have inadvertently failed to identify and/or list as assets all of their filed or potential causes of action against third parties. The Debtors reserve all rights with respect to any such causes of action and nothing contained in the Global Notes or the Schedules and Statements shall be deemed a waiver of any right to prosecute or defend against any such causes of action.

**Claims Designations**. Although the Debtors have made every reasonable effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to third parties and their related entities on account of the Debtors' obligations to such entities and their affiliates. Accordingly, any failure by the Debtors to designate a claim identified on the Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." The Debtors reserve all rights to dispute, or assert

---

[1]    These Global Notes are in addition to any specific disclosures discussed in section III below and specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a "specific note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of the Global Notes to either of the Debtor's Schedules and Statements.

2

setoffs or defenses to, any claim reflected on the Schedules and Statements on any grounds, including amount, liability or classification, or to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Identification of a claim on the Schedules and Statements shall not constitute an admission of the Debtors' liability with respect to such claim.

**Classifications**. Listing: (a) a claim (i) on Schedule D as "secured," (ii) on Schedule E as "priority" or (iii) on Schedule F as "unsecured;" or (b) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Excluded Assets and Liabilities**. The Debtors have excluded certain assets from the Schedules and Statements, including goodwill, customer relationships and assets with a net book value of zero. The Debtors have also excluded certain liabilities from the Schedules and Statements, including tax accruals and certain other accrued liabilities.

In addition, liabilities resulting from non-specific accruals and/or estimates of long-term liabilities which are not payable at this time because they (a) have not been approved for payment in accordance with the Debtors' normal procedures or (b) have not yet been reported, and therefore, do not represent specific claims as of the Petition Date, have also been excluded from the Schedules and Statements. Certain other immaterial assets and liabilities may also have been excluded.

**Executory Contracts**. The Debtors have not identified executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts are set forth in Schedule G.

**Fiscal Year**. The Debtors' fiscal year covers the period January 1 through December 31.

**Foreign Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars. Foreign currency has been translated to U.S. dollars using exchange rates as of the Petition Date.

**Guarantees and Other Secondary Liability Claims**. The Debtors have used their reasonable efforts to locate and identify guarantee obligations and other secondary liability claims in each of their executory contracts, unexpired leases, secured financings, debt instruments and other such agreements (collectively the "Guarantees"). Where such Guarantees have been identified, they have been included in the relevant Schedules. In the event that the Debtors inadvertently failed to identify certain Guarantees, the Debtors reserve the right to amend, supplement or otherwise modify the Schedules and Statements accordingly.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) shareholders or partners holding in excess of 5% of the voting shares or voting interests; (d) relatives of the Debtors' directors, officers or shareholders; and (e) debtor/non-debtor affiliates. Persons listed as "insiders" have been included for informational purposes only.

Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any such insider; (c) the decision-making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under

applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**.  Exclusion of certain intellectual property rights, if any, shall not be construed as an admission by the Debtors that such intellectual property rights have been: (a) abandoned or terminated; (b) otherwise expired by their terms; or (c) assigned or otherwise transferred pursuant to a sale, acquisition or other transaction.  Conversely, inclusion of certain intellectual property rights, if any, shall not be construed to be an admission that such intellectual property rights have not been:  (x) abandoned or terminated; (y) otherwise expired by their terms; or (z) assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Although the Debtors have made every effort to attribute intellectual property to the rightful Debtor entity that owns such intellectual property, if any, in certain instances, intellectual property owned by one Debtor entity may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Intercompany Claims**.  Receivables and payables among the Debtors and their affiliates in these chapter 11 cases (each, an "Intercompany Receivable" or "Intercompany Payable," and, together, the "Intercompany Claims") are reported on Schedule B and Schedule F, respectively, to the extent that such Intercompany Claims are not duplicative of other listed amounts and net of any intercompany receivables and intercompany payables due between a Debtor and a particular affiliate.  Intercompany Claims are reported on the Schedules and Statements as of March 31, 2011.

**Liabilities**.  The Debtors allocated liabilities between the prepetition and postpetition periods based on the information available and research conducted in connection with the preparation of the Schedules and Statements.  As additional information becomes available and further research is conducted, the Debtors' allocation of liabilities between the prepetition and postpetition periods may change.  The Debtors reserve all rights to amend, supplement or otherwise modify the liabilities listed on the Schedules and Statements as is necessary and appropriate.

**Property**.  Property referenced in the Schedules and Statements is presented without consideration of any potential liens.

**Recharacterization**.  The Debtors have made every reasonable effort to correctly characterize, classify, categorize and/or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements.  Due, however, to the size and complexity of the Debtors' businesses, the Debtors may have improperly characterized, classified, categorized or designated certain items.  Thus, the Debtors reserve the right to recharacterize, reclassify, recategorize or redesignate items reported in the Schedules and Statements as additional information becomes available, including whether contracts listed in the Schedules and Statements were executory as of the Petition Date or remain executory postpetition.

**Reservation of Rights**.  Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including with respect to any issues involving substantive consolidation, equitable subordination, defenses

4

and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may differ from the total listed in the Schedules and Statements.

**Undetermined Amounts**. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

**III.    Specific Disclosures Regarding the Debtors' Schedules**

**Schedule B**.

A.

Schedules B(1) and B(2). Where applicable, the Debtors have listed balances as of the Petition Date for amounts related to their bank accounts. Details with respect to the Debtors' cash management system and bank accounts are provided in the *Motion of Caribe Media, Inc., et al., for the Entry of an Order Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto and (C) Maintain Existing Business Forms* (the "Cash Management Motion") [Docket No. 4].

B.

Schedule B(9). For purposes of clarification, the insurance policies identified in the Debtors' responses to Schedule B(9) are in the name of Local Insight Media Holdings, Inc. The Debtors are covered entities under the terms of such insurance policies.

C.

Schedule B(13). Stock and interests in incorporated businesses have been listed in Schedule B(13) as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

D.

Schedule B(21). In the ordinary course of business, and unbeknownst to the Debtors, they may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers. Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant, including immaterial account collection lawsuits. Considering that such claims are not known to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B(21).

E.

Schedule B(23). Executory contracts identified on Schedule B(23) are intangible assets, the value of which has been identified as "undetermined".

**Schedule D.** The claims listed on Schedule D arose or were incurred on various dates. Determining the date upon which each claim arose or was incurred would be unduly burdensome and cost-prohibitive for the Debtors. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Individuals and/or entities holding security deposits remitted by the Debtors, if any, are not identified on Schedule D. In addition, the Debtors have not included in Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition senior secured credit facility, only the agent under such prepetition credit facility has been listed for purposes of Schedule D.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim, the characterization of the structure of any such transaction, or any document or instrument related to such creditor's claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. Indeed, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed to be a modification or interpretation of the terms of any loan or debt agreements. The Debtors reserve the right to amend Schedule D to the extent that they determine that any claims associated with such agreements should not be reported on Schedule D.

**Schedule F.** The Debtors have used their reasonable efforts to report all of their general unsecured claims. The claims listed on Schedule F arose or were incurred on various dates. Determining the date upon which each claim arose or was incurred would be unduly burdensome and cost-prohibitive for the Debtor. Accordingly, not all such dates are included for each claim. However, all claims listed on Schedule F appear to have arisen or been incurred before the Petition Date.

Claims identified on Schedule F account for any claim or receivable that the Debtors may maintain against a creditor. Accordingly, where the Debtors believe that they are owed an amount from a creditor that is greater than the amount the Debtors believe are owed to such creditor, such creditor's "claim" is not listed on Schedule F and the Debtors reserve all rights with respect to the validity of any such "claim" if asserted.

6

Schedule F also contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.

**Schedule G**. Schedule G contains a listing of the Debtors' executory contracts and unexpired leases as of the Petition Date. Although the Debtors have made reasonable efforts to ensure the accuracy of Schedule G, inadvertent errors, omissions or the over-inclusion of contracts or leases may have occurred. As a result, listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement (a) is an executory contract or unexpired lease, (b) was in effect on the Petition Date or (c) is valid or enforceable. Similarly, omitting a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Accordingly, the Debtors reserve all of their rights to dispute the validity, status, enforceability or the executory nature of any contract or other agreement set forth in Schedule G (as well as with respect to contracts and leases omitted from Schedule G) and to amend, supplement or otherwise modify Schedule G if necessary.

In addition, the contracts, agreements and leases listed on Schedule G may have expired or been modified, amended and/or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements, which may not be listed on Schedule G despite the Debtors' use of reasonable efforts to identify such documents. Additionally, certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. Moreover, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such agreements are also not set forth in Schedule G.

**Schedule H**. In the ordinary course of business, the Debtors may be involved in pending or threatened litigation and face claims arising out of certain ordinary course transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and/or counter-claims against other parties. Because such claims may not be known, the Debtors may have inadvertently failed to identify certain co-debtors with respect thereto. For those litigation co-debtors that the Debtors were able to identify, if any, such information is provided on Schedule F and Statement 4(a).

In addition, with respect to the Debtors' prepetition credit facility, only the agent under such facility is listed as a creditor of such facility on Schedule H.

## IV.    Specific Disclosures Regarding the Debtors' Statements

**Statement 3(b)**. Disbursements and other transfers identified in Statement 3(b) are made through the cash management system described in the Cash Management Motion. Payments do not include any payments and transfers among the Debtors and their affiliates.

7

**Statement 8**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. Because these losses have no material impact on the Debtors' businesses or are of a significantly lesser value than the Debtors' high insurance deductible, and thus, not worth reporting to the Debtors' insurance carrier, the Debtors do not keep records of such losses. Accordingly, the Debtors are unable to provide information pursuant to Statement 8.

**Statement 9**. Except where otherwise noted, all of the payments or property transferred by or on behalf of all of the Debtors for advice concerning debt restructuring, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were made by Debtor CMI. Accordingly, such payments are only reflected in Debtor CMI's response to Statement 9.

Further, although the Debtors have omitted payments to bankruptcy professionals from their response to Statement 3(b) so as to avoid the appearance of overpayments or multiple payments, the Debtors do not make any representations as to whether any such payments were on account of antecedent debt or in connection with any retainer amounts.

**Statement 10(a)**. The Debtors have listed certain transactions in response to Statement 10(a) for which they make no representation as to whether such transactions are outside the ordinary course. However, out of an abundance of caution, such transactions have been disclosed.

In addition, the dividend distributions identified in Debtor CMI's response to Statement 10(a) were distributed through Debtor CII and other debtor and non-debtor affiliates before ultimately resting with non-debtor affiliate Local Insight Media, Inc.

**Statement 19(d)**. With respect to Statement 19(d), the Debtors have undertaken reasonable efforts to identify all financial institutions, creditors and other parties to whom financial statements were issued within two years immediately preceding the Petition Date. Considering, however, the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, there is a possibility that certain recipients of the Debtors' financial statements have been inadvertently omitted from Statement 19(d). Accordingly, the Debtors reserve their rights to subsequently amend, supplement or otherwise modify Statement 19(d) upon discovery of additional information.

**Statement 21(b)**. As of May 6, 2011, John Almeida, Jr. is no longer a member of the Debtors' boards of directors.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

District Of Delaware

In re __CII ACQUISITION HOLDING INC._____,          Case No. _11-11388 (KG)_____
                          Debtor

                                                          Chapter _11_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $         0.00 | | |
| B - Personal Property | | 5 | $         0.00 <br> +UNDETERMINED AMOUNTS | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | 2 | | $         0.00 <br> +UNDETERMINED AMOUNTS | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | 2 | | $         0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 1 | | $         0.00 <br> +UNDETERMINED AMOUNTS | |
| G - Executory Contracts and Unexpired Leases | | 1 | | | |
| H - Codebtors | | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $    N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $    N/A |
| TOTAL | | 13 | $         0.00 <br> +UNDETERMINED AMOUNTS | $         0.00 <br> +UNDETERMINED AMOUNTS | |

B6A (Official Form 6A) (04/10)

In re   CII ACQUISITION HOLDING INC.          ,          Case No.   11-11388 (KG)
                    **Debtor**                                                    (If known)

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in **Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in **Schedule C - Property Claimed as Exempt.**

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (04/10)

In re  CII ACQUISITION HOLDING INC.                    ,          Case No.  11-11388 (KG)
                          Debtor                                                    (If known)

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | SEE ATTACHED SCHEDULE B.9 RIDER | | UNDETERMINED |
| 10. Annuities. Itemize and name each issuer. | X | | | |

B6B (Official Form 6B) (04/10) – Cont.

In re  CII ACQUISITION HOLDING INC.                ,
                        Debtor

Case No. 11-11388 (KG)
                          (If known)

# SCHEDULE B – PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% OWNERSHIP INTEREST IN DEBTOR CARIBE MEDIA, INC. | | UNDETERMINED |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B6B (Official Form 6B) (04/10) – Cont.

In re  CII ACQUISITION HOLDING INC.                         ,
                         Debtor

Case No. 11-11388 (KG)
                                      (If known)

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

B6B (Official Form 6B) (04/10) – Cont.

In re  CII ACQUISITION HOLDING INC.                    ,
                        Debtor

Case No. 11-11388 (KG)
                              (If known)

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | 3  continuation sheets attached     Total ▶ | | $ 0.00 +UNDETERMINED AMOUNTS |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

IN RE: CII ACQUISITION HOLDING INC.

CASE NO. 11-11388 (KG)

SCHEDULE B - PERSONAL PROPERTY
RIDER B.9 - INTERESTS IN INSURANCE POLICIES

| INSURANCE COMPANY | TYPE OF POLICY | POLICY NUMBER | SURRENDER OR REFUND VALUE |
|---|---|---|---|
| FEDERAL INSURANCE COMPANY | GENERAL LIABILITY | 35865728 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | PROPERTY | 35865728 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | AUTOMOBILE LIABILITY | 73544883 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | UMBRELLA | 79861633 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | WORKERS COMPENSATION | 71719166 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | GENERAL LIABILITY - STANDALONE PUERTO RICO | 35865770 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | PROPERTY - STANDALONE PUERTO RICO | 35865770 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | AUTOMOBILE LIABILITY - STANDALONE PUERTO RICO | 73546635 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | AUTOMOBILE LIABILITY - STANDALONE HAWAII | 73560582 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | GENERAL LIABILITY - EXPORTER PACKAGE | 74990831 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | AUTOMOBILE LIABILITY - EXPORTER PACKAGE | 74990831 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | WORKERS COMPENSATION - EXPORTER PACKAGE | 74990831 | UNDETERMINED |
| HOUSTON CASUALTY COMPANY | CRIME | 14MG10A10464 | UNDETERMINED |
| HOUSTON CASUALTY COMPANY | PRIMARY D&O LIABILITY | 14-MGU-10-A22779 | UNDETERMINED |
| HOUSTON CASUALTY COMPANY | BLENDED EMPLOYMENT PRACTICE, EMPLOYED LAWYERS & FIDUCIARY LIABILITIES | 14-MGU-10-A22778 | UNDETERMINED |
| ILLINOIS NATIONAL INSURANCE COMPANY (CHARTIS) | EXCESS D&O LIABILITY | 01-330-97-23 | UNDETERMINED |
| | | TOTAL | UNDETERMINED |

B6D (Official Form 6D) (04/10)

In re  CII ACQUISITION HOLDING INC.                    ,          Case No.  11-11388 (KG)
                            Debtor                                                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐      Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | GUARANTOR TO THE TERM LOANS DUE MARCH 31, 2013 | | | | UNDETERMINED | UNDETERMINED |
| CANTOR FITZGERALD SECURITIES C/O JON STAPLETON - DIRECTOR, CANTOR DEBT CAPITAL MARKETS 110 EAST 59TH STREET 4TH FLOOR NEW YORK, NY 10011 | X | | VALUE $ UNDETERMINED | | X | | | |
| ACCOUNT NO. | | | GUARANTOR TO THE REVOLVING LOAN DUE MARCH 31, 2012 | | | | UNDETERMINED | UNDETERMINED |
| CANTOR FITZGERALD SECURITIES C/O JON STAPLETON - DIRECTOR, CANTOR DEBT CAPITAL MARKETS 110 EAST 59TH STREET 4TH FLOOR NEW YORK, NY 10011 | X | | VALUE $ UNDETERMINED | | X | | | |
| _1_ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ 0.00 | $0.00 |
| | | | Total ▶ (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6D (Official Form 6D) (04/10) – Cont.

In re   CII ACQUISITION HOLDING INC.            ,            Case No.   11-11388 (KG)
                        Debtor                                              (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | UCC LIEN CLAIM | | | | UNDETERMINED | UNDETERMINED |
| CANTOR FITZGERALD SECURITIES C/O JON STAPLETON - DIRECTOR, CANTOR DEBT CAPITAL MARKETS 110 EAST 59TH STREET 4TH FLOOR NEW YORK, NY 10011 | | | VALUE $ UNDETERMINED | X | X | X | | |
| ACCOUNT NO. | | | UCC LIEN CLAIMS | | | | UNDETERMINED | UNDETERMINED |
| LEHMAN COMMERCIAL PAPER, INC. AS ADMINISTRATIVE AGENT KAYE SCHOLER LLP 425 PARK AVE NEW YORK, NY 10022-3598 | | | VALUE $ UNDETERMINED | X | X | X | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal (s) ▶
(Total(s) of this page)

$ 0.00 | $0.00

Total(s) ▶
(Use only on last page)

$ 0.00 +UNDETERMINED AMOUNTS | $0.00 +UNDETERMINED AMOUNTS

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/10)

In re  <u>CII ACQUISITION HOLDING INC.</u>         ,           Case No. <u>11-11388 (KG)</u>
                          Debtor                                                            (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3). ·

[ ]   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

B6E (Official Form 6E) (04/10) – Cont.

In re  <u>CII ACQUISITION HOLDING INC.</u>        ,            Case No. <u>11-11388 (KG)</u>
                     **Debtor**                                                                            **(if known)**

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u> 0 </u> **continuation sheets attached**

B6F (Official Form 6F) (04/10)

In re   CII ACQUISITION HOLDING INC.        ,                    Case No. 11-11388 (KG)
                        Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | CONTINGENT CLAIM | | | | UNDETERMINED |
| CANTOR FITZGERALD SECURITIES AS ADMINISTRATIVE AGENT KAYE SCHOLER LLP 425 PARK AVE NEW YORK, NY 10022-3598 | X | | | X | X | X | |
| ACCOUNT NO. | | | CODEBTOR CONTRACT CLAIM | | | | UNDETERMINED |
| CARIBE MEDIA, INC. 188 INVERNESS DR WEST STE 800 ENGLEWOOD, CO 80112 | | | | X | X | | |
| ACCOUNT NO. | | | CONTINGENT CLAIM | | | | UNDETERMINED |
| LEHMAN COMMERCIAL PAPER, INC. AS ADMINISTRATIVE AGENT KAYE SCHOLER LLP 425 PARK AVE NEW YORK, NY 10022-3598 | X | | | X | X | X | |

_0_ continuation sheets attached

Subtotal ▶ | $ 0.00

Total ▶ | $ 0.00
(Use only on last page of the completed Schedule F.) | +UNDETERMINED
(Report also on Summary of Schedules and, if applicable, on the Statistical | AMOUNTS
Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (04/10)

In re   CII ACQUISITION HOLDING INC.          ,          Case No.   11-11388 (KG)
                        Debtor                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CANTOR FITZGERALD SECURITIES C/O JON STAPLETON - DIRECTOR, CANTOR DEBT CAPITAL MARKETS 110 EAST 59TH STREET 4TH FLOOR NEW YORK, NY 10011 | CREDIT AGREEMENT AND ALL RELATED OR ANCILLARY DOCUMENTS |
| | |
| | |
| | |
| | |

Page 1 of 1

B6H (Official Form 6H) (04/10)

In re   CII ACQUISITION HOLDING INC.                    ,                     Case No.   11-11388 (KG)
                              Debtor                                                                    (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| CARIBE MEDIA, INC.<br>188 INVERNESS DRIVE WEST<br>SUITE 800<br>ENGLEWOOD, CO 80112 | CANTOR FITZGERALD SECURITIES<br>C/O JON STAPLETON - DIRECTOR, CANTOR DEBT CAPITAL MARKETS<br>110 EAST 59TH STREET<br>4TH FLOOR<br>NEW YORK, NY 10011 |
| CARIBE MEDIA, INC.<br>188 INVERNESS DRIVE WEST<br>SUITE 800<br>ENGLEWOOD, CO 80112 | LEHMAN COMMERCIAL PAPER, INC.<br>AS ADMINISTRATIVE AGENT<br>KAYE SCHOLER LLP<br>425 PARK AVE<br>NEW YORK, NY 10022-3598 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

IN RE: CII ACQUISITION HOLDING INC.                                    CASE NO. 11-11388 (KG)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____        Signature: _____
                                                                     Debtor


Date _____        Signature: _____
                                                          (Joint Debtor, if any)

                                              [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____                    _____
Printed or Typed Name and Title, if any,            Social Security No.
of Bankruptcy Petition Preparer                     ( Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.

Address

X _____                 _____
Signature of Bankruptcy Petition Preparer           Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the **CFO & TREASURER** [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the **CORPORATION** [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date____5/17/2011_____        Signature : _____

                                              CHRISTOPHER J. BATSON - CFO & TREASURER
                                              [Print or type name of individual signing on behalf of debtor.]

          [An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.