## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| CARIBE MEDIA, INC., et al.,[1] | ) Case No. 11-11387 (KG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Re: Docket No. 8 |

## FINAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105, 361, 362, 363 AND 507(b), AND BANKRUPTCY RULES 2002, 4001 AND 9014 (I) AUTHORIZING DEBTORS TO UTILIZE CASH COLLATERAL AND (II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES

Upon the motion (the "Motion"), dated May 3, 2011, of Caribe Media Inc. ("CMI") and CII Acquisition Holdings Inc. ("Holdings"), as debtors and debtors-in-possession (together, the "Debtors"), in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for interim and final orders under sections 105, 361, 362, 363 and 507(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code"), Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), seeking:

(a) authorization for the Debtors to (i) use the Prepetition Collateral (as defined below), including the Cash Collateral (as defined below), pursuant to sections 105, 361, 362 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014, and (ii) provide adequate protection to the Prepetition Agent (as defined below) and the lenders

---

[1]  The Debtors, together with the last four digits of each of the Debtors' federal tax identification number (if applicable), are: Caribe Media, Inc. (9005) and CII Acquisition Holding Inc. For the purpose of these chapter 11 cases, the service address for the Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

(collectively, the "Prepetition Secured Lenders" and, together with the Prepetition Agent (as defined below), and any Lender (as defined in the Prepetition Credit Agreement) or its Affiliate (as defined in the Prepetition Credit Agreement) that are owed Obligations (as defined in the Prepetition Credit Agreement) under any Loan Document (as defined in the Prepetition Credit Agreement), the "Prepetition Secured Parties") pursuant to that certain Credit Agreement, dated as of March 31, 2006 (as heretofore amended, restated, modified or supplemented from time to time, the "Prepetition Credit Agreement"; together with all other documentation executed and delivered in connection with any of the foregoing, including the Loan Documents (as that term is defined in the Prepetition Credit Agreement) and the Specified Hedge Agreements (as that term is defined in the Prepetition Credit Agreement), the "Prepetition Loan Documents"), by and among Holdings, a Puerto Rico corporation, Caribe Media Inc., a Puerto Rico corporation (formerly known as Caribe Information Investments Incorporated, as successor to CII Acquisition Corp.), Cantor Fitzgerald Securities, as administrative agent, successor-in-interest to Lehman Commercial Paper Inc. (in such capacity, the "Prepetition Agent"), and the lenders from time to time party thereto; -

(b)     approval of certain stipulations by the Debtors with respect to the amount, priority, validity, enforceability and perfection of the claims arising under, and the liens granted pursuant to, the Prepetition Loan Documents;

(c)     to schedule, pursuant to Bankruptcy Rule 4001, a hearing (the "Interim Hearing") on the Motion to consider entry of the proposed interim order annexed to the Motion, among other things (i) authorizing the Debtors' use of Cash Collateral and (ii) granting the adequate protection described herein; and

2

(d)     to schedule, pursuant to Bankruptcy Rule 4001, a final hearing (the "Final Hearing") to be held within twenty one (21) days after entry of the Interim Order, to consider the entry of a final order (this "Final Order") authorizing and approving the relief sought in the Motion on a final basis, as set forth in the Motion.

The Interim Hearing having been held by the Court on May 5, 2011, to consider the relief sought in the Motion, and the Court having entered an order (the "Interim Order") on May 5, 2011, granting the relief sought in the Motion on an interim basis, and the Final Hearing having been held on May 25, 2011, and upon the record of the Interim Hearing and the Final Hearing, and after due deliberation and consideration and sufficient cause appearing therefor;

**IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED**, that:

1.     *Disposition.* The Motion is granted on a final basis on the terms set forth in this Final Order. Any objections to the relief sought in the Motion that have not been previously withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled. This Final Order shall be valid, binding and enforceable on all parties in interest and fully effective immediately upon entry.

2.     *Jurisdiction and Venue.* This Court has core jurisdiction over the Chapter 11 Cases commenced on May 3, 2011 (the "Petition Date"), the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363 and 507 of the Bankruptcy Code, Bankruptcy Rules 4001(b) and (d) and the Local Bankruptcy Rules.

3.     *Notice.* Notice of the Motion, the relief requested therein and the relief sought at the Final Hearing was served by the Debtors by either electronic mail, facsimile or overnight

3

mail to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition Agent; (c) Kaye Scholer, LLP, as counsel to the Prepetition Agent; (d) WCAS Capital Partners IV, L.P. as holder of CMI's 10% Senior Subordinated Note due March 31, 2014; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) the Office of the United States Attorney General for the State of Delaware.    Under the circumstances, the notice given by the Debtors of the Motion, the relief requested therein and the Final Hearing constitutes appropriate, due and sufficient notice thereof, complies with Bankruptcy Rules 4001(b) and (d) and the Local Bankruptcy Rules, and no further notice of the relief sought at the Final Hearing and the relief granted herein is necessary or required.

4.    *Debtors' Stipulations.*  Without prejudice to the rights of any other party (but subject to the limitations thereon contained in paragraphs 13 and 14 below), the Debtors admit, stipulate and agree that:

(a)    as of the Petition Date, the Debtors and certain non-debtor subsidiaries (collectively, the "Prepetition Credit Parties") were justly and lawfully indebted and liable, without defense, counterclaim or offset of any kind, to the Prepetition Secured Parties, in the aggregate principal amount of approximately $126,450,000, in each case in respect of loans made, letters of credit issued or other financial accommodations made by the Prepetition Secured Parties pursuant to, and in accordance with the terms of, the Prepetition Loan Documents, plus, in each case, accrued and unpaid interest thereon and costs and expenses including, without limitation, attorneys' fees, agent's fees, other professional fees and disbursements and other obligations owing under the Prepetition Loan Documents (collectively, the "Prepetition Indebtedness");

4

(b)     the Prepetition Indebtedness constitutes the legal, valid and binding obligations of the Prepetition Credit Parties, enforceable in accordance with its terms (subject to any forbearance agreement entered into by and among the Prepetition Agent and certain non-debtor subsidiaries of the Debtors) and no portion of the Prepetition Indebtedness or any payments made to the Prepetition Agent or any of the other Prepetition Secured Parties or applied to the obligations owing under the Prepetition Loan Documents prior to the Petition Date is subject to avoidance, subordination, recharacterization, recovery, successful attack, offset, counterclaim, defense or Claim (as defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable nonbankruptcy law;

(c)     each Debtor hereby forever waives and releases any and all Claims (as defined in the Bankruptcy Code), counterclaims, causes of action, defenses or setoff rights against the Prepetition Agent and each of the other Prepetition Secured Parties, whether arising at law or in equity, including any recharacterization, subordination, avoidance or other claim arising under or pursuant to section 105 or Chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state or federal law;

(d)     pursuant to the Security Documents (as that term is defined in the Prepetition Credit Agreement), including but not limited to the Guarantee and Collateral Agreement (as that term is defined in the Prepetition Credit Agreement), PR Security Agreement (as that term is defined in the Prepetition Credit Agreement), and each DR Security Agreement (as that term is defined in the Prepetition Credit Agreement), and the Prepetition Loan Documents (in each case as heretofore amended, restated, modified, ratified or supplemented from time to time, together with any and all other security agreements, pledge agreements, mortgages, fixture filings, transmitting utility filings, deeds of trust, financing statements,

5

assignments or other security documents, the "Prepetition Collateral Documents"), (i) the Prepetition Credit Parties have granted valid, binding, perfected, enforceable, first priority liens upon and security interests in the property described in the Prepetition Collateral Documents (collectively, the "Prepetition Collateral") to the Prepetition Agent for the benefit of the Prepetition Secured Parties, and (ii) the Prepetition Agent's first priority liens upon and security interests in the Prepetition Collateral, for the benefit of the Prepetition Secured Parties, are not subject to avoidance, subordination, recharacterization, recovery, successful attack, offset, counterclaim, defense or Claim (as such term is defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable non-bankruptcy law; and

(e)     substantially all cash, securities or other property of the Debtors (and the proceeds therefrom) as of the Petition Date, including without limitation, all cash, securities or other property (and the proceeds therefrom) and other amounts on deposit or maintained by the Debtors in any account or accounts are subject to valid, perfected, enforceable, first priority liens under the Prepetition Loan Documents and applicable law, for the benefit of the Prepetition Secured Parties.  All proceeds of the Prepetition Collateral (including cash, securities or other property) are "cash collateral" of the Prepetition Secured Parties within the meaning of section 363(a) of the Bankruptcy Code (the "Cash Collateral").

5.     *Findings Regarding the Cash Collateral.*

(a)     Good and sufficient cause has been shown for the entry of this Final Order.

(b)     The Debtors have a need to use the Prepetition Collateral (including but not limited to Cash Collateral) in accordance with the budget (the "Budget") substantially in the form attached hereto, in order to, among other things, preserve the value of the Debtors'

6

businesses and permit the orderly continuation of their businesses. The Debtors' use of the Prepetition Collateral (including Cash Collateral) is necessary (i) to ensure that the Debtors have sufficient working capital and liquidity to preserve and maintain the value of their estates and (ii) to alleviate any concerns of trade vendors and employees of the Debtors and their operating subsidiaries.

(c)     The use of Prepetition Collateral (including Cash Collateral) pursuant to this Final Order is fair and reasonable, reflects the Debtors' exercise of prudent business judgment consistent with their fiduciary duties and constitutes reasonably equivalent value and fair consideration.

(d)     The Debtors have requested entry of this Final Order pursuant to Bankruptcy Rule 4001(b)(2) and the Local Bankruptcy Rules. Authorization of the use of Prepetition Collateral (including Cash Collateral) in accordance with the terms of this Final Order is therefore in the best interests of the Debtors' estates, and is consistent with the Debtors' exercise of their fiduciary duties.

6.     *Use of Prepetition Collateral (including Cash Collateral).* Subject to this paragraph 6 and the other provisions of this Final Order, the Debtors are hereby authorized to use the Prepetition Collateral (including the Cash Collateral) of the Prepetition Secured Parties (i) in accordance with and pursuant to the terms and provisions of this Final Order; (ii) for payment of Professional Fees (as defined below), including the Carve Out (as defined below); (iii) subject to the Budget, for general corporate purposes in order to permit the orderly continuation of their businesses; (iv) to pay prepetition claims of taxing authorities and government agencies in an amount not to exceed $100,000; and (v) to pay prepetition vendor claims of non-insiders incurred in the ordinary course up to an aggregate amount of $500,000, provided that the

7

Prepetition Agent shall be given advance notice of the payment of any such prepetition vendor claims in accordance with this clause (v) and the identity of any such vendor receiving payment; provided further that (a) the Prepetition Secured Parties are granted adequate protection as hereinafter set forth; and (b) except on the terms and conditions of this Final Order, the Debtors shall be enjoined and prohibited from at any time using the Cash Collateral. The Debtors' right to use Cash Collateral shall terminate in accordance with paragraph 11 hereof.

(a)     The Debtors shall not (i) at any Measurement Date (as defined herein) permit cumulative CMI Operating Cash Flows (as such term is used in the Budget and as reported pursuant to paragraph 7(e) hereof) to be less than the amount forecast in the Budget minus the greater of (x) twenty percent (20%) of the amount set forth in the Budget for such cumulative CMI Operating Cash Flows or (y) $350,000 (it being understood that this clause (i) shall not apply to the fees and expenses described in paragraph 7(d) below or Professional Fees), and (ii) make any payments or expenditures not expressly provided for in the Budget, including but not limited to management fee payments, without the prior written consent of the Prepetition Agent. The limitations set forth herein shall be tested utilizing the initial Budget delivered to the Prepetition Agent pursuant to the Interim Order. Two weeks prior to the end of the last week of the Budget, the Debtors shall deliver to the Prepetition Agent an updated Budget, in form and substance satisfactory to the Prepetition Agent, which shall replace the prior Budget for purposes of measuring compliance with this paragraph 6(a). For purposes of this paragraph, the Measurement Date shall mean May 27, 2011, and every four week anniversary thereof.

(b)     Any expenditures of Cash Collateral that are approved by any order of this Court may be made only if such expenditures are (i) permitted to be made pursuant to this Final Order, (ii) otherwise accounted for and covered by the Budget or (iii) for such other expenditures

8

approved with the prior written consent of the Prepetition Agent (the uses permitted pursuant to the foregoing clause (iii), a "Non-Conforming Use"). If such written consent is given by the Prepetition Agent, the Debtors shall be authorized pursuant to this Final Order to expend Cash Collateral for such Non-Conforming Use without further order of the Court, and the Prepetition Secured Parties shall be entitled to all of the protections set out in this Final Order with respect to such Non-Conforming Use (giving effect to the permitted variance therefrom referred to in paragraph 6(a)(1) above).

(c)     The Debtors shall not make any payment, transfer of inventory or other financial support to any non-debtor subsidiaries in excess of $500,000, except (i) as expressly set forth in the Budget or (ii) with the prior written consent of the Prepetition Agent; provided, however, that any transfer of inventory or other financial support by the Debtors to any non-debtor subsidiaries as provided herein shall be made only as an intercompany loan (containing specific provisions for repayment and other terms) and the Prepetition Agent shall receive prior written notice thereof, including without limitation, the terms of the intercompany loan.

7.     *Adequate Protection.*  The Prepetition Secured Parties are entitled, pursuant to sections 105, 361 and 363 of the Bankruptcy Code, to adequate protection of their interests in the Prepetition Collateral, including the Cash Collateral, in an amount equal to the Collateral Diminution (as defined below). As used in this Final Order, "Collateral Diminution" shall mean an amount equal to the aggregate diminution in the value of the Prepetition Secured Parties' interests in the Prepetition Collateral (including the Cash Collateral) during the Cases, including, without limitation, any such diminution resulting from (i) the depreciation, sale, loss or use by the Debtors (or other decline in value) of such Cash Collateral and any other Prepetition

Collateral and (ii) the imposition of the automatic stay pursuant to section 362 of the Bankruptcy Code. As adequate protection, the Prepetition Secured Parties are hereby granted, the following:

        (a)     Adequate Protection Claims. Allowed superpriority administrative claims as provided for in section 507(b) of the Bankruptcy Code, with priority in payment over any and all administrative expenses of the kinds specified or ordered under any provisions of the Bankruptcy Code, including, without limitation, sections 105, 326, 328, 330, 331, 503, 507(a), 726, 1113 or 1114 of the Bankruptcy Code, which shall at all times be senior to the rights of the Debtors, and any successor trustee or any creditor, in the Cases or any subsequent proceedings under the Bankruptcy Code (the "Adequate Protection Claims"), which Adequate Protection Claims shall have recourse to and be payable from all prepetition and postpetition property of the Debtors including, without limitation, the proceeds or property recovered in respect of the Debtors' claims and causes of action arising under state or federal law under sections 502(d), 541, 542, 544, 545, 547, 548, 549, 550, 551, 552 and 553 of the Bankruptcy Code (collectively, the "Causes of Action"), and any proceeds or other amounts received in respect thereof and property received thereby whether by judgment, settlement or otherwise. The Adequate Protection Claims shall be subject and subordinate only to the Carve Out (as defined below) and any Debtor-in-Possession financing approved by the Court and consented to in writing by the Prepetition Agent .

        (b)     For purposes hereof, the "Carve Out" shall mean (i) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee under section 1930(a) of title 28 of the United States Code, and (ii) after the occurrence and during the continuance of a Termination Event and delivery of written notice thereof to counsel for the Debtors (the "Carve Out Notice"), which may be delivered via email, to the extent allowed at

10

any time, whether by interim order, procedural order or otherwise, the payment of accrued and unpaid professional fees, costs and expenses (the "Professional Fees") incurred after the business day following delivery of the Carve Out Notice and allowed by the Court at any time, in an aggregate amount not exceeding $500,000 (the "Carve Out Cap"), by Persons or firms retained by the Debtors and the official committee of unsecured creditors (the "Committee"), if any (but excluding fees and expenses of third party professionals employed by such members of the Committee); plus (iii) all unpaid Professional Fees allowed by the Court at any time that were incurred on or prior to the business day following delivery of the Carve Out Notice, whether paid or unpaid prior to such date; provided, that, so long as a Carve Out Notice shall not have been delivered, the Carve Out shall not be reduced by the payment of Professional Fees allowed at any time by the Court and payable under Sections 328, 330 and 331 of the Bankruptcy Code; provided, further that (x) no portion of the Carve Out shall be available to pay any such Professional Fees incurred in connection with the initiation or prosecution of any claims, causes of action, adversary proceedings or other litigation or any threatened litigation against the Prepetition Secured Parties, and (y) nothing in this Final Order shall impair the right of any party to object to the reasonableness of any such fees or expenses to be paid by the Debtors' estates. For the avoidance of doubt and notwithstanding anything to the contrary herein or in the Prepetition Loan Documents, the Carve Out shall be senior to the adequate protection liens, all claims and any and all other forms of adequate protection, liens or claims securing the Prepetition Obligations granted or recognized as valid, including the claims, liens and security interests granted to the Prepetition Secured Parties. Upon delivery of a Carve Out Notice, prior to making any distributions, the Debtors shall deposit an amount equal to the Professional Fees incurred and unpaid as of such time, plus an amount equal to the Carve Out Cap in a segregated

account (the "Carve Out Account") to be utilized solely for the payment of Professional Fees, and the Prepetition Agent and any Lender (as defined in the Prepetition Credit Agreement) shall not hinder or delay the Debtors' or any other party in interest's compliance with the foregoing deposit requirement, provided, however, that the Debtors depositing such monies into the Carve Out Account shall not impair the right of any party to object to the reasonableness of any such fees or expenses to be paid by the Debtors' estates. The Debtors' deposit of any amount into the Carve Out Account shall not reduce the amount of the Carve Out or the Professionals eligible to be paid therefrom.

(c)    Adequate Protection Liens. As security for the amount of any Collateral Diminution, the Prepetition Agent (for itself and for the benefit of the Prepetition Secured Parties) is hereby granted (effective and perfected upon the date of the Interim Order and without the necessity of the execution by the Debtors, security agreements, pledge agreements, mortgages, financing statements), a valid, perfected replacement security interest in and lien (the "Adequate Protection Liens") upon all prepetition and postpetition assets and property of the Debtors of any kind or nature whatsoever, now owned or hereafter acquired, and all proceeds of such proceeds, rents, products, and profits, including, without limitation, the proceeds or property recovered in respect of Causes of Action including the Prepetition Collateral and the Cash Collateral (collectively, the "Collateral"), subject and subordinate only to (y) valid, perfected and enforceable prepetition liens (if any) which are senior to the Prepetition Secured Parties' liens or security interests as of the Petition Date or to valid and unavoidable liens in existence immediately prior to the Petition Date that are perfected after the Petition Date as permitted by section 546(b) of the Bankruptcy code, and (z) the Carve Out. The Adequate Protection Liens shall not be (A) subject or subordinate to (i) any lien or security interest that is

12

avoided and preserved for the benefit of the Debtors and the Debtors' estates under section 551 of the Bankruptcy Code or (ii) any liens arising after the Petition Date including, without limitation, any liens or security interests granted in favor of any federal, state, municipal or other governmental unit, commission, board or court for any liability of the Debtors or (B) subordinated to or made *pari passu* with any other lien or security interest under sections 363 or 364 of the Bankruptcy Code or otherwise, except with respect to liens or security interests granted in connection with any Court-approved Debtor-in-Possession financing that is consented to by the Prepetition Agent.

(d)    Fees and Expenses. As additional adequate protection for any Collateral Diminution, subject to section 506(b) of the Bankruptcy Code, the Debtors shall pay in cash: (i) the reasonable, documented professional fees and expenses (including but not limited to, the fees and disbursements of Kaye Scholer LLP, Potter Anderson & Corroon, LLP, Loughlin Meghji + Company, third party consultants, including financial consultants and auditors) payable to or incurred by the Prepetition Agent under and pursuant to the Prepetition Credit Agreement and the other Prepetition Loan Documents arising prior to the Petition Date; and (ii) on a current basis, the reasonable, documented professional fees and expenses (including but not limited to, the fees and disbursements of Kaye Scholer LLP, Potter Anderson & Corroon, LLP and Loughlin Meghji + Company) payable to or incurred by the Prepetition Agent under and pursuant to the Prepetition Credit Agreement and the other Prepetition Loan Documents arising on or subsequent to the Petition Date. The payment of the fees, expenses and disbursements set forth in this paragraph 7(d) of this Final Order (including professional fees and expenses of Kaye Scholer LLP, Potter Anderson & Corroon, LLP, Loughlin Meghji + Company and any other professionals or advisors retained by or on behalf of the Prepetition Agent) shall be made within

13

ten (10) days after the receipt by counsel for the Debtors, counsel for the Committee, if any, and the United States Trustee (the "Review Period") of reasonably detailed invoices (the "Invoiced Fees") (subject in all respects to any applicable privilege or work product doctrines) and without the necessity of filing formal fee applications, including such amounts arising before and after the Petition Date; provided, however, that the Debtors, the Committee, if any, and the United States Trustee shall preserve their right to dispute the payment of any portion of the Invoiced Fees (the "Disputed Invoiced Fees") if, within the Review Period, (i) the Debtors pay in full the Invoiced Fees, including the Disputed Invoiced Fees; and (ii) the Debtors, the Committee, if any, or the United States Trustee files with the Court a motion or other pleading, on at least ten (10) days prior written notice to the Prepetition Agent, of any hearing on such motion or other pleading, setting forth the specific objections to the Disputed Invoiced Fees.

(e) Budget Reconciliation/Information. In addition to the reporting requirements currently set forth in Section 6.1(c) of the Prepetition Credit Agreement, the Debtors agree to furnish to the Prepetition Agent in form reasonably satisfactory to the Prepetition Agent: (i) an updated 26-Week Cash Flow Forecast (it being understood and agreed that any forecasts contained in each updated 26-Week Cash Flow Forecast are subject to significant uncertainties and contingencies, many of which are beyond the control of the Debtors and that no assurance can be given that such forecasts will be realized, and that the updated 26-Week Cash Flow Forecast is not a guarantee of financial performance and actual results may differ from the updated 26-Week Cash Flow Forecast and such differences may be material) and (ii) a variance report showing the percentage and dollar variance of actual cash disbursements and cash receipts (y) for each two-week period from the amounts set forth for each such period in the most recent updated 26-Week Cash Flow Forecast and (z) on a cumulative basis since

14

delivery of the initial Budget (the "Budget Reconciliation"). Such reports shall be delivered to the Prepetition Agent on a bi-weekly basis within seven (7) days of the end of the prior two-week period. In accordance with the Interim Order, the initial two-week period ended on May 13, 2011 and the initial report was due on May 20, 2011.

8. *Priority of Adequate Protection Liens.* No claims or liens shall be permitted with priority senior to or *pari passu* with the Adequate Protection Obligations and the liens hereby granted for the benefit of the Prepetition Agent and other Prepetition Secured Parties, except with respect to liens or security interests granted in connection with any Court-approved Debtor-in-Possession financing that is consented to in writing by the Prepetition Agent.

9. *Reservation of Rights of Prepetition Secured Parties.* Under the circumstances and given that the above-described adequate protection is consistent with the Bankruptcy Code, this Court finds that the adequate protection provided herein is reasonable and sufficient to protect the interests of the Prepetition Secured Parties. Notwithstanding any other provision hereof, the grant of adequate protection to the Prepetition Secured Parties pursuant to the Interim Order and this Final Order is without prejudice to the right of the Prepetition Secured Parties to seek modification of the grant of adequate protection provided hereby so as to provide different or additional adequate protection; provided, however, that notwithstanding any other provision of the Interim Order or this Final Order to the contrary, if the Prepetition Secured Parties seek any such additional or modified adequate protection, the Debtors reserve the right to challenge such request, such challenge shall not be deemed a violation of the Interim Order, this Final Order or the Prepetition Loan Documents, and any Professional Fees expended in connection with such challenge shall benefit from the Carve Out.

15

10.    *Perfection of Adequate Protection Liens.*

(a)    The Prepetition Agent is hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take possession or control over, or take any other action in order to validate and perfect the Adequate Protection Liens and any other liens and security interests granted to them hereunder.  Whether or not the Prepetition Agent on behalf of the Prepetition Secured Parties shall, in its sole discretion, chooses to file such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments that may otherwise be required under international, federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Adequate Protection Liens and other security interests and liens, or take possession of or control over, or otherwise confirm perfection of the liens and security interests granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, unavoidable and not subject to challenge, dispute or subordination as of the date of entry of the Interim Order without the necessity of any other or further act or instrument or notice to any person, party or entity.

(b)    The failure of the Debtors to execute any documentation relating to the enforceability, priority or perfection of the Adequate Protection Liens, or any other liens or security interests granted hereunder, shall in no way affect the validity, perfection or priority of the Adequate Protection Liens.

(c)    If the Prepetition Agent (solely with respect to the Adequate Protection Liens) in its sole discretion, elects to file any financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments, or otherwise to confirm perfection of the Adequate Protection Liens as applicable, the Debtors shall cooperate with and assist in such

16

process (in each case to the extent reasonably requested by the Prepetition Agent), and the stay imposed under section 362 of the Bankruptcy Code is hereby lifted to permit the filing and recording of a certified copy of this Final Order or any such financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments. Upon the reasonable request of the Prepetition Agent (solely with respect to the Adequate Protection Liens), without any further consent of any party, each Debtor is authorized to take, execute, deliver and file such instruments (in each case without representation or warranty of any kind) to enable the Prepetition Agent to further validate, perfect, preserve and enforce the Adequate Protection Liens and any other liens or security interests granted hereunder as applicable.

(d)    A certified copy of this Final Order may, in the discretion of the Prepetition Agent (with respect to the Adequate Protection Liens), be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments, and all filing offices are hereby authorized to accept such certified copy of this Final Order for filing and recording.

(e)    Any provision of any lease or other license, contract or other agreement that requires the consent or approval of one or more landlords or other parties or the payment of any fees or obligations to any governmental entity, in order for any Debtor to pledge, grant, sell, assign, or otherwise transfer any such leasehold interest, or the proceeds thereof, or other Collateral related thereto, is hereby deemed to be inconsistent with the applicable provisions of the Bankruptcy Code. Any such provision shall have no force and effect with respect to the transactions granting the Adequate Protection Liens in such leasehold interest or the proceeds of any assignment and/or sale thereof by any Debtor, in favor of the Prepetition Secured Parties in accordance with the terms of the Interim Order and this Final Order.

17

11.   *Termination.*

(a)   Notwithstanding anything expressly contained herein, the Debtors' use of Cash Collateral shall cease and expire pursuant to this Final Order (subject to any applicable notice requirements set forth below) upon the earliest to occur of (each such occurrence hereinafter referred to as a "Termination Event"):

(i)   The effective date or consummation date of any plan of reorganization, if any, confirmed in the Cases;

(ii)   the filing of a motion by the Debtors seeking (x) reversal, vacatur, stay, amendment, supplement or any modification of this Final Order without the prior written consent of the Prepetition Agent, and no such consent shall be implied by any other action, inaction or acquiescence by the Prepetition Agent, (y) conversion of any of the Cases to a case under chapter 7 of the Bankruptcy Code or (z) dismissal of any of the Cases;

(iii)   Entry of an order by the Court (or any other court of competent jurisdiction) (x) reversing, vacating staying, amending, supplementing, or otherwise modifying this Final Order without the prior written consent of the Prepetition Agent, (y) converting any of the Cases to a case under chapter 7 of the Bankruptcy Code or (z) dismissing any of the Cases;

(iv)   Entry of an order by the Court appointing a chapter 11 trustee, examiner with expanded powers in the Cases;

(v)   Entry by the Court of an order or orders granting relief from the automatic stay imposed under section 362 of the Bankruptcy Code to any entity or entities other

than the Prepetition Secured Parties with respect to the Collateral having a value, in the aggregate, for all such orders, in excess of $250,000, which order is not stayed;

(vi)        The Debtors' filing of a motion seeking to obtain priority for liens securing obligations other than as set forth in this Final Order, unless consented to in writing by the Prepetition Agent in advance of the filing of such motion;

(vii)        Entry of an order by the Court (1) permitting the use of the Prepetition Secured Parties' Cash Collateral inconsistent with the terms hereof or (2) authorizing the Debtors to incur debtor in possession financing under section 364 of the Bankruptcy Code without the prior written consent of the Prepetition Agent;

(viii)        The failure of the Debtors to make any payment required under this Final Order within five (5) business days following the date such payment is due;

(ix)        November 1, 2011, provided that, with the prior written consent of the Prepetition Agent, the Debtors shall be authorized pursuant to this Final Order to use Cash Collateral for periods subsequent to November 1, 2011, without further order of the Court (each such use, an "Extended Cash Collateral Use"), and the Prepetition Secured Parties shall be entitled to all of the protections set out in this Final Order with respect to such Extended Cash Collateral Use (giving effect to the permitted variance therefrom referred to in paragraph 6(a)(1) above);

(x)        Unless otherwise extended with the prior written consent of the Prepetition Agent, the failure of the Debtors to:

        (1)        by August 31, 2011, deliver to the Prepetition Agent, a draft plan of reorganization and accompanying disclosure statement;

        (2)        by September 30, 2011, file a plan of reorganization and accompanying disclosure statement with the Bankruptcy Court;

19

(3)     by October 28, 2011, commence a hearing seeking approval of the disclosure statement referred to in clause (1) above relating to the plan of reorganization referred to in such clause and diligently prosecute the motion seeking approval of such disclosure statement; and

(4)     by November 30, 2011, obtain entry of a confirmation order from the Bankruptcy Court with respect to the plan of reorganization referred to in clause (1) above; or

(xi)     The failure of the Debtors to comply with or perform any of the express terms and/or provisions of this Final Order after receiving notice from the Prepetition Agent asserting such failure.

(b)     On and after the occurrence of (1) a Termination Event specified in paragraph 11(a)(i) through 11(a)(ix) above, on the business day on which the Debtors' receive notice from the Prepetition Agent of such Termination Event (which notice may be delivered via email to counsel to the Debtors), the Debtors shall immediately cease using Cash Collateral and (2) with respect to the Termination Event set forth in paragraph 11(x) and (xi) above, on the second business day after the date on which the Debtors receive notice form the Prepetition Agent of such Termination Event (the "Notice Period") (which notice may be delivered via email to counsel to the Debtors), the Debtors shall immediately cease using Cash Collateral (in each case in (1) and (2) above, the date of such cessation being referred to as a "Termination Date"). For the avoidance of doubt, nothing contained in this paragraph 11 shall (i) reduce the Carve Out, (ii) prohibit the Debtors or the U.S. Trustee from seeking a determination within the Notice Period that a Termination Event did not occur or was cured, or (iii) prohibit the Debtors from paying its Professionals in a manner consistent with the Carve Out provisions set forth in paragraph 7(b) and funding the Carve Out Account.

20

12.  *Preservation of Rights Granted Under the Order.*

(a)  No claim or lien having a priority senior to or *pari passu* with those granted by the Interim Order or this Final Order to the Prepetition Secured Parties shall be granted or allowed while any portion of the Adequate Protection Claims remain outstanding and the Adequate Protection Liens shall not be subject or junior to any lien or security interest that is avoided and preserved for the benefit of the Debtors' estates under section 551 of the Bankruptcy Code or subordinated to or made *pari passu* with any other lien or security interest, whether under section 364(d) of the Bankruptcy Code or otherwise, unless with the prior written consent of the Prepetition Agent.

(b)  If an order dismissing any of the Chapter 11 Cases under section 1112 of the Bankruptcy Code or otherwise is at any time entered, (A) the Adequate Protection Liens and the Adequate Protection Claims granted to the Prepetition Secured Parties pursuant to the Interim Order and this Final Order shall continue in full force and effect and shall maintain their priorities as provided in the Interim Order and this Final Order until all Adequate Protection Claims shall have been indefeasibly paid and satisfied in full in cash, (B) such Adequate Protection Liens and Adequate Protection Claims granted to the Prepetition Secured Parties shall, notwithstanding such dismissal, remain binding on all parties in interest, (C) the other rights granted by the Interim Order and this Final Order shall not be affected and (D) this Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of enforcing the claims, liens and security interests referred to above in this paragraph and otherwise in the Interim Order and this Final Order.

(c)  If any or all of the provisions of this Final Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacation shall not affect (i) the

validity, priority or enforceability of any Adequate Protection Claims incurred prior to the actual receipt of written notice by the Prepetition Agent, of the effective date of such reversal, stay, modification or vacation or (ii) the validity, priority or enforceability of the Adequate Protection Liens. Notwithstanding any such reversal, stay, modification or vacation, any use of Cash Collateral or Adequate Protection Claims incurred by the Debtors to the Prepetition Secured Parties prior to the actual receipt of written notice by the Prepetition Agent, as applicable, of the effective date of such reversal, stay, modification or vacation shall be governed in all respects by the original provisions of this Final Order, and the Prepetition Secured Parties shall be entitled to all of the rights, remedies, privileges and benefits granted pursuant to section 363(e) of the Bankruptcy Code and this Final Order with respect to all uses of Cash Collateral and Adequate Protection Claims.

(d)     The priorities granted to the Prepetition Secured Parties shall not be affected in any manner by the entry of an order, if any, confirming a plan of reorganization in these Chapter 11 Cases absent the prior written consent of the Prepetition Agent which consent may be given or withheld by the Prepetition Secured Parties, respectively, in the exercise of their sole discretion.

(e)     Except as expressly provided in this Final Order, the Adequate Protection Liens and the Adequate Protection Claims granted to the Prepetition Secured Parties, and all other rights and remedies of the Prepetition Secured Parties granted by the Interim Order and this Final Order shall survive, and shall not be modified, impaired or discharged by the entry of an order converting any one or more of these Chapter 11 Cases to a case under chapter 7 of the Bankruptcy Code, dismissing any one or more of these Chapter 11 Cases terminating the joint administration of any of the Chapter 11 Cases. The terms and provisions of this Final Order

29096441.DOCX

shall continue in any one or more of these Chapter 11 Cases, in any successor cases if any one or more of these Chapter 11 Cases cease to be jointly administered, or in any superseding Chapter 7 cases under the Bankruptcy Code, and the Adequate Protection Liens and the Adequate Protection Claims granted to the Prepetition Secured Parties and all other rights and remedies of the Prepetition Secured Parties granted by the provisions of the Interim Order and this Final Order shall continue in full force and effect until the Adequate Protection Claims are indefeasibly paid in full in cash or, with the prior written consent of the Prepetition Agent, are otherwise satisfied.

13.     *Effect of Stipulations on Third Parties.*  The Debtors' admissions, stipulations, agreements and releases contained in this Final Order including, without limitation, those contained in paragraph 4 of this Final Order shall be binding upon the Debtors and any successor thereto (including, without limitation, any chapter 7 trustee or chapter 11 trustee or examiner appointed or elected for any of the Debtors) under all circumstances and for all purposes.  The Debtors' admissions, stipulations, agreements and releases contained in this Final Order including, without limitation, those contained in paragraph 4 of this Final Order shall be binding upon all other parties in interest, including, without limitation, any Committee, under all circumstances and for all purposes unless (a) any Committee or another party in interest (subject in all respects to any agreement or applicable law which may limit or affect such entity's right or ability to do so) having standing has timely filed an adversary proceeding or contested matter (subject to the limitations contained in paragraph 14 of this Final Order) by no later than a date that is the later of (i) in the case of a party in interest with requisite standing other than any Committee, July 19, 2011, (ii) in the case of any Committee, the earlier to occur of either sixty (60) days after the appointment of such Committee or September 3, 2011, (iii) any such later date

23

agreed to in writing by the Prepetition Agent, in its sole discretion and (iv) any such later date ordered by the Court for cause shown after notice and an opportunity to be heard, provided that such order is entered by the Court before the termination of any applicable period as set forth in paragraph 13(a)(i), (ii) or (iii), (A) objecting to or challenging the amount, validity, perfection, enforceability, priority or extent of the Prepetition Indebtedness or the Prepetition Secured Parties' security interests in and liens upon the Prepetition Collateral, or (B) otherwise asserting any defenses, claims, causes of action, counterclaims or offsets against the Prepetition Agent or any of the other Prepetition Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors on behalf of the Debtors' estates, and (b) a court of competent jurisdiction rules in favor of the plaintiff in any such timely and properly filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is timely and properly filed as of such dates or a court of competent jurisdiction does not rule in favor of the plaintiff in any such proceeding: (a) the Debtors' admissions, stipulations, agreements and releases contained in this Final Order, including, without limitation, those contained in paragraph 4 of this Final Orders shall be binding on all parties in interest, including any Committee; (b) the obligations of the Debtors under the Prepetition Loan Documents shall constitute allowed claims not subject to defense, claim, counterclaim, recharacterization, offset or avoidance, for all purposes in these Cases, and any subsequent chapter 7 case(s); (c) the Prepetition Agent's and the other Prepetition Secured Parties' security interests in and liens upon the Prepetition Collateral shall be deemed to have been, as of the Petition Date, legal, valid, binding, perfected, first priority security interests and liens, not subject to recharacterization, subordination, avoidance or other defense; and (d) the Prepetition Indebtedness and the security interests of the Prepetition Agent and the Prepetition Secured Parties in and liens on the

24

Prepetition Collateral shall not be subject to any other or further claim or challenge by any Committee or any other party in interest seeking to exercise the rights of the Debtors' estates, including, without limitation, any successor thereto (including, without limitation, any chapter 7 trustee, chapter 11 trustee or examiner appointed or elected for any of the Debtors) and any defenses claims, causes of action, counterclaims and offsets, whether arising under the Bankruptcy Code or otherwise, against the any of the Prepetition Secured Parties, and their respective affiliates, agents, officers, directors and employees, arising out of or relating to the Prepetition Loan Documents shall be deemed waived and released. If any such adversary proceeding or contested matter is properly filed as of such dates, the Debtors' admissions, stipulations, agreements and releases contained in this Final Order, including, without limitation, those contained in paragraph 4 of this Final Order, shall nonetheless remain binding and preclusive (as provided in the second sentence of this paragraph) except to the extent that such admissions, stipulations, agreements and releases were expressly challenged in such adversary proceeding or contested matter. Nothing contained in this Final Order shall vest or confer on any person (as defined in the Bankruptcy Code), including any Committee, standing or authority to pursue or commence any such adversary proceeding or contested matter.

14. *Limitation on Use of Prepetition Collateral (Including Cash Collateral).* The Debtors shall use the proceeds of the Prepetition Collateral (including the Cash Collateral) solely as provided in this Final Order. Notwithstanding anything herein or in any other order of this Court to the contrary, no Collateral, proceeds of Prepetition Collateral (including the Cash Collateral) or the Carve Out may be used (a) for professional fees and expenses incurred for any litigation or threatened litigation (whether by contested matter, adversary proceeding or otherwise) against the Prepetition Agent or any other Prepetition Secured Party or for the

purpose of objecting to or challenging the validity, perfection, enforceability, extent or priority of any claim, lien or security interest held or asserted by the Prepetition Agent or any other Prepetition Secured Party or asserting any defense, claim, cause of action, counterclaim, or offset with respect to the Prepetition Indebtedness or the security interests in or liens on the Collateral or the Prepetition Collateral or against any of the Prepetition Agent, the other Prepetition Secured Parties or their respective agents, affiliates, subsidiaries, directors, officers, representatives, attorneys or advisors, (b) to prevent, hinder or otherwise delay the Prepetition Secured Parties' assertion, enforcement or realization on the Prepetition Collateral or the Collateral in accordance with the Prepetition Loan Documents, the Interim Order or this Final Order, (c) to seek to modify any of the rights granted to the Prepetition Agent or the other Prepetition Secured Parties under the Interim Order, this Final Order or under the Prepetition Loan Documents, in each of the foregoing cases without such parties' prior written consent, which may be given or withheld by such party in the exercise of its respective sole discretion, or (d) unless set forth in the Budget, pay any amount on account of any claims arising prior to the Petition Date. Subject to the limitations set forth in this Final Order including, without limitation, this paragraph and paragraph 6(c), the Debtors' non-debtor subsidiaries shall have the right to use cash or Cash Collateral.

15. *Limitation on Charging Expenses Against Collateral.* Notwithstanding anything to the contrary contained in this Final Order, except to the extent of the Carve Out, (a) no costs or expenses of administration of the Cases or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the Collateral or the Prepetition Collateral (including the Cash Collateral) pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law,

without the prior written consent of the Prepetition Agent, as the case may be, (b) no such consent shall be implied from any other action, inaction, or acquiescence by the Prepetition Agent or the other Prepetition Secured Parties and (c) nothing contained in this Final Order shall be deemed to be a consent by the Prepetition Agent or the other Prepetition Secured Parties to any charge, lien, assessment or claim against the Collateral or the Prepetition Collateral (including the Cash Collateral) under section 506(c) of the Bankruptcy Code or otherwise.

16. *Non-Debtor Guarantees.* Nothing contained in the Interim Order or this Final Order shall be deemed to terminate, modify or release any obligations of non-debtor guarantors to the Prepetition Secured Parties with respect to the Prepetition Indebtedness owed by the Prepetition Credit Parties to the Prepetition Secured Parties.

17. *No Control.* From and after the Petition Date, no act committed or action taken by any of the Prepetition Agent or the Prepetition Secured Parties in connection with enforcement of any right or remedy provided for under the Interim Order, this Final Order or the Prepetition Loan Documents shall be used or construed to hold any of the Prepetition Agent or the Prepetition Secured Parties to be in control of or participating in the governance, management or operations of any Debtor for any purpose by virtue of the interests, rights and remedies granted to or conferred upon the Prepetition Agent or the Prepetition Secured Parties under the Interim Order, this Final Order or the Prepetition Loan Documents, including, without limitation, such rights and remedies as may be exercisable by the Prepetition Agent or the Prepetition Secured Parties in connection with this Final Order.

18. *Retention of Jurisdiction.* This Court shall retain jurisdiction to enforce the provisions of this Final Order, and this retention of jurisdiction shall survive the confirmation

27

and consummation of any chapter 11 plan for the Debtors, if any, notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan, if any.

19. *Binding Effect; Successors and Assigns.* The provisions of this Final Order including all findings herein, shall be binding upon all parties in interest in the cases, including without limitation, the Prepetition Agent and the other Prepetition Secured Parties, any committee appointed in these cases and the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estates of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtors or with respect to the property of the estates of the Debtor) and shall inure to the benefit of the Prepetition Agent, the other Prepetition Secured Parties and the Debtors and their respective successors and assigns, provided that, the Prepetition Agent and the other Prepetition Secured Parties shall have no obligation to permit the use of the Prepetition Collateral (including the Cash Collateral) or to extend any financing to any chapter 7 trustee, chapter 11 trustee or similar responsible person appointed for the estate of the Debtors.

20. *Limitation of Liability.* In determining to permit the use of Cash Collateral or in exercising any rights or remedies as and when permitted pursuant to the Interim Order or this Final Order, the Prepetition Agent, and the Prepetition Secured Parties shall not (i) be deemed to be in "control" of the operations of the Debtors; (ii) owe any fiduciary duty to the Debtors, their creditors, shareholders, or estate; and (iii) be deemed to be acting as a "Responsible Person" or "Owner" or "Operator" with respect to the operation or management of the Debtors (as such terms or similar terms are used in the United States Comprehensive Environmental Response,

28

Compensation and Liability Act, 29 U.S.C. §§ 9601, et seq., as amended, or any similar federal or state statute).

21.     *Master Proof of Claim.*  In order to facilitate the processing of claims, to ease the burden upon the Court and to reduce an unnecessary expense to the Debtors' estates, the Prepetition Agent is authorized to file in the Debtors' lead chapter 11 case, *In re Caribe Media, Inc.* (Case No. 11-11387), a single, master proof of claim on behalf of the Prepetition Secured Parties on account of any and all of their respective claims arising under the Prepetition Loan Documents and hereunder (the "Master Proof of Claim") against the Debtors.  Upon the filing of the Master Proof of Claim against the Debtors, the Prepetition Agent and each Prepetition Secured Party, and each of their respective successors and assigns, shall be deemed to have filed a proof of claim in the amount set forth opposite its name therein in respect of its claims against the Debtors of any type or nature whatsoever with respect to the Prepetition Loan Documents, and the claim of each Prepetition Secured Party (and each of their respective successors and assigns), named in the Master Proof of Claim shall be treated as if such entity had filed a separate proof of claim in the Chapter 11 Cases.  The Prepetition Agent shall not be required to amend the Master Proof of Claim to reflect a change in the holders of the claims set forth therein or a reallocation among such holders of the claims asserted therein resulting from the transfer of all or any portion of such claims.  The provisions of this paragraph 21 and the Master Proof of Claim are intended solely for the purpose of administrative convenience and shall not affect the right of each Prepetition Secured Party (or their successors in interest) to vote separately on any plan of reorganization proposed in the Chapter 11 Cases.  The Prepetition Agent shall not be required to file with the Master Proof of Claim any instruments, agreements or other documents evidencing the obligations owed to the Prepetition Secured Parties, which instruments,

agreements or other documents will be provided upon written request to counsel for the Prepetition Agent.

22. *Credit Bid.* The Prepetition Agent and the other Prepetition Secured Parties shall have the right to credit bid all or any portion of the outstanding Prepetition Indebtedness in any sale of the Collateral or Prepetition Collateral, as applicable, whether under or pursuant to section 363 of the Bankruptcy Code, a plan of reorganization or plan of liquidation under section 1129 of the Bankruptcy Code, or otherwise.

23. *No Impact on Certain Contracts or Transactions.* No rights of any entity in connection with a contract or transaction of the kind listed in sections 555, 556, 559, 560 or 561 of the Bankruptcy Code, whatever they might or might not be, are affected by the provisions of this Final Order.

24. *Debtors' Reservation.* Notwithstanding any other provision of this Final Order to the contrary the Debtors have not waived and reserve the right to seek to use the Prepetition Collateral, including but not limited to the Cash Collateral, on a non-consensual basis.

25. *Effectiveness.* This Final Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable nunc pro tunc to the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001(a)(3), 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Final Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Final Order.

26. *Headings.* Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Final Order.

30

Dated: May 24, 2011
Wilmington, Delaware

THE HONORABLE JUDGE KEVIN GROSS
UNITED STATES BANKRUPTCY COURT

29096441.DOCX