IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) <br> ) <br> ) Chapter 11 <br> ) |
| CARIBE MEDIA, INC., et al.,[1] | ) Case No. 11-11387 (KG) <br> ) <br> ) Re: Docket No. 172 |

**ORDER APPROVING (A) THE DISCLOSURE STATEMENT;
(B) THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES;
(C) PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON
THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN; AND (D) THE
MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors") for entry of an order (the "Disclosure Statement Order") approving: (a) the Disclosure Statement; (b) the Voting Record Date, Voting Deadline, and other dates; (c) the Solicitation Procedures; and (d) the forms of, and manner of serving, notices and other related documents; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number (if applicable), are: Caribe Media, Inc. (9005) and CII Acquisition Holding Inc. For the purpose of these chapter 11 cases, on or before September 9, 2011, the service address for the Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112. After September 9, 2011, the service address for the Debtors is: 160 Inverness Drive West, Suite 400, Englewood, CO 80112.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

K&E 19179018

opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

**I. Approval of the Disclosure Statement and Notice of Hearing**

2. The Disclosure Statement meets all of the requirements of section 1125 of the Bankruptcy Code and is approved.

3. The Disclosure Statement Hearing Notice, attached hereto as **Exhibit 1**, filed by the Debtors and served on the Debtors' Bankruptcy Rule 2002 list and all other known creditors in these Chapter 11 Cases on August 18, 2011, constitutes adequate and sufficient notice of the Disclosure Statement Hearing, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) can be obtained, and the time fixed for filing objections to the Disclosure Statement, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

4. The Disclosure Statement (including all applicable exhibits thereto) and notice thereof provides holders of Claims, holders of Interests, and all other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II. Approval of the Timeline for Soliciting Votes, Voting on the Plan, and for Filing Objections to the Plan**

5. The following dates are established (subject to modification as needed) with respect to the solicitation of votes to accept the Plan, voting on the Plan, objecting to the Plan, and Confirmation:

a. *Voting Record Date*: **September 20, 2011**, as the date for determining: (i) which holders of Class 2 Claims are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith; and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the respective Claim (the "Voting Record Date"). The Voting Record Date is for voting purposes only and will not affect who is entitled to receive distributions under the Plan;

b. *Solicitation Deadline*: **September 27, 2011**, as the deadline for distributing Solicitation Packages, including the Ballot, to holders of Claims entitled to vote to accept or reject the Plan and Non-Voting Status Notices to holders of Claims and Interests not entitled to vote to accept or reject the Plan (the "Solicitation Deadline");

c. *Publication Notice*: **September 27, 2011**, which is 30 days prior to the Voting Deadline, as the last date by which the Debtors must publish notice of the Confirmation Hearing in the publication set forth herein;

d. *Voting Deadline*: **October 27, 2011, 5:00 p.m.**, prevailing Pacific Time (the "Voting Deadline"), as the deadline by which all Ballots must be **actually received** by Kurtzman Carson Consultants LLC (the "Claims and Solicitation Agent");

e. *Plan Objection Deadline*: **October 27, 2011, 5:00 p.m.**, prevailing Eastern Time (the "Plan Objection Deadline"), as the deadline by which objections to the Plan must be filed with the Court and served so as to be actually received by the appropriate notice parties. Any objection to the assumption of an Executory Contract or Unexpired Lease pursuant to the Plan must be filed with the Bankruptcy Court no later than 7 days after the filing of the Assumption Schedule; and

f. *Confirmation Hearing Date*: **Nov. 3**, 2011, at **1:00 p.m.**, prevailing Eastern Time (the "Confirmation Hearing Date"), as the date and time for the Confirmation Hearing.

### III. Approval of Solicitation Materials and Solicitation Packages

6. In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Disclosure Statement Order (once entered, excluding the exhibits thereto), the solicitation materials (each, a "Solicitation Package," and collectively, the "Solicitation Packages") to be transmitted on or before the Solicitation Deadline to those holders of Class 2 Claims shall include the following, the form of each of which is approved:

a. the Ballot, substantially in the form attached hereto as **Exhibit 2**;

b. the cover letter from the Debtors (the "Cover Letter") to holders of Class 2 Claims urging such parties to vote in favor of the Plan, substantially in the form attached hereto as **Exhibit 3**; and

c. the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4**.

7. The Solicitation Packages provide holders of Claims entitled to vote to accept or reject the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

## IV. Approval of the Solicitation Procedures

8. The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures fully set forth herein, which are approved in their entirety; provided, that the Debtors reserve the right to amend or supplement the Solicitation Procedures where, in the Debtors' best judgment, doing so would better facilitate the solicitation process.

9. The Debtors are authorized to use the following Solicitation Procedures:

   a. *Votes Not Counted*: The following Ballots will not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

      i. any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

      ii. any Ballot cast by an Entity that (A) does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan or (B) is not otherwise entitled to vote pursuant to the procedures described herein;

      iii. any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Claims and Solicitation Agent), or the Debtors' financial or legal advisors;

iv. any inconsistent or duplicate Ballots that are simultaneously cast with respect to the same claim;

v. any Ballot transmitted to the Claims and Solicitation Agent by facsimile, e-mail. or other means not specifically approved herein;

vi. any unsigned Ballot;

vii. any Ballot that does not contain an original signature; or

viii. any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan.

b. *Rejected Ballots*: Except as otherwise provided herein and subject to any contrary order of the Court, unless the Ballot being furnished is properly completed and timely submitted on or prior to the Voting Deadline, the Debtors shall be entitled, in their sole discretion, to reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation.

c. *No Vote Splitting*: Holders must vote all of their Class 2 Claims either to accept or reject the Plan and may not split any such votes. Accordingly, any Ballot that partially rejects and partially accepts the Plan will not be counted.

d. *Defective Ballots*: The Debtors, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; <u>provided, however</u>, unless waived by the Debtors, subject to contrary order of the Court, any defects or irregularities associated with the delivery of Ballots must be cured prior to the Voting Deadline or such Ballots will <u>not</u> be counted.

e. *Multiple Ballots*: In the event a Ballot is received before the Voting Deadline on account of Claims for which a Ballot has already been received, only the latest Ballot received will be counted.

10. The Senior Secured Credit Facility Administrative Agent shall provide to the Claims and Solicitation Agent no later than three Business Days after the Voting Record Date a copy of the Class 2 Information. The Claims and Solicitation Agent shall be obligated to and shall maintain the confidentiality of the Class 2 Information (including by removing the Class 2 Information from any certificates or affidavits of service and aggregating the votes of such holders in any report of the voting of such holders without listing the Class 2 Information).

5

11. The Claim amount established by the Solicitation Procedures shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Claims and Solicitation Agent are not binding for purposes of allowance and distribution.

12. The Debtors shall cause to be distributed Solicitation Packages to all holders of Claims entitled to vote to accept or reject the Plan in accordance with the Motion in satisfaction of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

13. The Debtors are authorized, but not required, to distribute the Plan, the Disclosure Statement, and the Disclosure Statement Order to holders of Claims entitled to vote to accept or reject the Plan in CD-ROM format. The Ballot, as well as the Cover Letter and the Confirmation Hearing Notice, shall only be provided in paper format.

14. On or before the Solicitation Deadline, the Debtors shall provide: (a) complete Solicitation Packages (excluding the Ballot) to the U.S. Trustee for the District of Delaware, counsel to the Senior Secured Credit Facility Administrative Agent, and counsel to the Senior Subordinated Noteholder and (b) the Disclosure Statement Order (excluding the exhibits thereto) and the Confirmation Hearing Notice to the Debtors' Bankruptcy Rule 2002 list as of the Voting Record Date.

15. Any party who receives a CD-ROM, but who would prefer paper format, may contact the Claims and Solicitation Agent and request paper copies of the corresponding materials previously received in CD-ROM format, which will then be provided at the Debtors' expense.

6

K&E 19179018

16. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to holders of Claims and Interests in Non-Voting Classes, as such holders are not entitled to vote to accept or reject the Plan. Instead, on or before the Solicitation Deadline, the Claims and Solicitation Agent shall mail (first-class postage prepaid) parties who are not entitled to vote to accept or reject the Plan the following notice of non-voting status in lieu of Solicitation Packages, the form of each of which is approved:

    a. Holders of Claims in Classes 1 and 4, which are all Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan, shall receive the notice substantially in the form attached hereto as **Exhibit 5**; and

    b. Holders of Claims and Interests in Classes 3, 5, and 6, which are receiving no distribution under the Plan and, therefore, are deemed to reject the Plan, shall receive the notice substantially in the form attached hereto as **Exhibit 6**.

17. The Debtors are not required to mail Solicitation Packages or other solicitation materials to holders of Claims that have already been paid in full during these chapter 11 cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

18. The Debtors shall be excused from mailing Solicitation Packages to those Entities to whom the Debtors mailed a notice regarding the Disclosure Statement Hearing and received a notice from the United States Postal Service or other carrier that such notice was undeliverable unless such Entity provides the Debtors, through the Claims and Solicitation Agent, an accurate address not less than ten calendar days prior to the Solicitation Date. If an Entity has changed its mailing address after the Petition Date, the burden is on such Entity, not the Debtors, to advise the Debtors and the Notice, Claims and Solicitation Agent of the new address.

19. All votes to accept or reject the Plan must be <u>clearly</u> set forth on the appropriate Ballot, each of which must be properly executed, completed, and delivered in accordance with

K&E 19179018

and pursuant to the Solicitation Procedures (the applicable provisions of which are also included in the instructions accompanying each Ballot) so that all Ballots are **actually received** on or before the Voting Deadline by the Claims and Solicitation Agent.

20. Any Ballots received <u>after</u> the Voting Deadline may be counted only in the sole and absolute discretion of the Debtors.

21. Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Disclosure Statement Order. Specifically, all objections to Confirmation of the Plan or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the Court and served so that it is **actually received** on or prior to the Plan Objection Deadline by the following parties (collectively, the "Notice Parties"):

| Debtors | Counsel to Debtors |
|---|---|
| Caribe Media, Inc.<br>160 Inverness Drive West, Suite 400<br>Englewood, CO 80112<br>Attn.: John S. Fischer, Esq., General Counsel | Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19899-8705<br>Attn.:  Laura Davis Jones, Esq.<br>         Michael R. Seidl, Esq.<br>         Curtis A. Hehn, Esq.<br><br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>Attn.:  Christopher J. Marcus, Esq.<br><br>300 North LaSalle<br>Chicago, IL 60654<br>Attn.:  Ross M. Kwasteniet, Esq. |

| Counsel to Senior Secured Credit Facility Administrative Agent | Conflicts Counsel to Debtors |
|---|---|
| Kaye Scholer LLP<br>425 Park Avenue<br>New York, NY 10022-3598<br>Attn.: Mark F. Liscio, Esq. | Curtis, Mallet-Prevost, Colt & Mosle LLP<br>101 Park Avenue<br>New York, New York 10178-0061<br>Attn.: Steven J. Reisman, Esq.<br>Michael A. Cohen, Esq. |
| **Counsel to Welsh, Carson, Anderson & Stowe** | **United States Trustee** |
| Ropes & Gray LLP<br>1211 Avenue of the Americas<br>New York, NY 10036<br>Attn.: Mark I. Bane, Esq. | Office of the United States Trustee<br>for the District of Delaware<br>844 King Street, Suite 2207<br>Wilmington, DE 19801<br>Attn.: Richard Schepacarter, Esq. |

22. All time periods set forth in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Order in accordance with the Motion.

24. The terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

Dated: SEPT. 20, 2011
Wilmington, Delaware

THE HONORABLE KEVIN GROSS
CHIEF UNITED STATES BANKRUPTCY
COURT JUDGE

K&E 19179018